# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **KAREEM JOHNSON** | **CIVIL ACTION NO. 21-3913-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JAMES HARRIS** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kareem Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 4, 2021. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Caddo Parish Corporal James Harris as defendant.

While at the Caddo Parish Court House on September 27, 2021, Plaintiff informed Corporal James Harris that he would be going to jail for fraud and theft. He claims Corporal Harris responded that if that was true he would kill him.

Accordingly, Plaintiff seeks injunctive relief.

## LAW AND ANALYSIS

The Eighth Amendment proscribes prison officials' wanton infliction of unnecessary pain upon a prisoner. It has been held that verbal abuse and harassment do not constitute cruel and unusual punishment as contemplated by the Eighth Amendment and allegations of such, without more, are insufficient grounds for relief under 42 U.S.C. § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Ellingburg v. Lucas, 518 F.2d 1196 (8th Cir. 1975). Furthermore, the Fifth Circuit Court of Appeals has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Siglar v. Hightower, 112 F.3rd 191, 193 (5th Cir.1997); Lynch v Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987) citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. den., 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). Even if Plaintiff has been subjected to verbal abuse and threats as alleged, this claim does not amount to harm sufficient to constitute a constitutional violation. Accordingly, Plaintiff's complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 5th day of January, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge